## BRONZIN HOLDING COMPANY v. NORA M. LARSON.[1]

April 24, 1925.

No. 24,586.

**Sham answer properly stricken.**
    Order striking out answer as sham and frivolous properly granted.

    See Pleading, 31 Cyc. p. 626.

Action in the municipal court of Minneapolis to recover three months' rent. Defendant appealed from an order, Hall, J., granting plaintiff's motion to strike out the answer as sham and frivolous, and for judgment. Affirmed.

*Hutchinson, Bellew & Foley*, for appellant.
*Hyman M. Juster*, for respondent.

STONE, J.
Action to recover rent alleged to have accrued under a written lease from plaintiff as lessor to defendant as lessee. Defendant appeals from an order granting plaintiff's motion to strike out the answer as sham and frivolous and for judgment.

Plaintiff alleges a lease in writing, defendant's agreement to pay rent at $75 per month, her going into possession and finally her

[1]Reported in 203 N. W. 446.

failure to pay rent for three months. The answer was an unverified general denial.

The motion was supported by an affidavit identifying and accompanied by the lease itself and a letter from defendant, under date of May 8, 1924 (the months for which rent had not been paid, according to the complaint, being June, July and August), and transmitting a $14 check "as settlement in full for rent for apartment 304."

There was no showing by defendant in opposition to the motion and the argument on her behalf is predicated solely upon supposed technical defects of the lease. Its existence and the obligation, if any, thereby imposed upon her are impliedly conceded by the argument. The only defect assigned is that no lessee is named in the body of the lease, the blank in the form for that purpose not having been filled in. Plaintiff, however, is named as party of the first part and lessor and the lease signed by both plaintiff and defendant. We must take it therefore that defendant is the lessee and as such signed the lease. The argument to the contrary is without merit.

The showing in support of the motion might have been more complete. Plaintiff's position would have been strengthened through proof by affidavit or otherwise that defendant was in possession of the premises and that she had not paid the rent in question. However, we consider these defects in plaintiff's showing relatively unimportant in the absence of any proof by defendant in opposition to the motion.

Order affirmed.